UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:13-CV-218-F

| | |
|---|---|
| BENJAMIN TAYLOR, GREENWOOD MANAGEMENT, ) ) | |
| Plaintiffs, ) ) | ORDER |
| v. ) ) | |
| JOHN DOES 1-10, ) ) | |
| Defendants. ) | |

This matter is before the court on the Plaintiffs' (collectively "Taylor") motion for leave to conduct early discovery [DE-10]. Taylor seeks leave to subpoena a third-party website owner in an effort to identify the names of the John Doe Defendants, who are anonymous posters associated with the website. Taylor submitted some earlier similar requests, which the court denied without prejudice because he failed to "address the issues courts typically consider when deciding [similar motions]." October 21, 2013 Order [DE-9]. Taylor promptly responded to the court's denial with the instant motion [DE-10, -11]. However, Taylor has not made a showing sufficient to warrant disclosure of the identities of these anonymous online speakers and Taylor's motion is therefore DENIED without prejudice (again).

**BACKGROUND**

Taylor alleges that the Doe Defendants published various "untrue, false, misleading and deceptive Internet postings about Plaintiffs." Compl. [DE-1] ¶ 1. Taylor owns Greenwood Management, an investment firm with its principal place of business in Spain. The Doe Defendants are anonymous internet posters on the website whocallsme.com. Allegedly, these

Defendants are competitors of Greenwood Management who have embarked on a smear campaign in an effort to drive business away from Greenwood and to their competing firms. The postings include statements such as "[y]es, this number is a scam. It's a company who poses as a legitimate investment firm, ATM Capital, but they sell you stocks that don't exist" and "[t]his number belongs to a company that steals contact data . . . to try getting people's money for supposed investment opportunities." Compl. [DE-1] ¶ 21. Taylor alleges the following claims against the Doe Defendants: (1) "false designation of origin and false representation" under the Lanham Act; (2) violation of the North Carolina Unfair and Deceptive Trade Practices Act, ("NCUDTPA"), N.C. Gen. Stat. § 75-1, *et seq.*; (3) tortious interference with business relationships and prospective economic advantage; (4) defamation per se under North Carolina law, or in the alternative, (5) defamation per quod under North Carolina law.

After several unsupported requests to conduct early discovery/issue subpoenas, which the court denied, Taylor filed the instant motion requesting early discovery and a memorandum in support. In his brief, Taylor notes that he has made efforts to ascertain the identities of the Doe Defendants without using the subpoena power of the court, but such efforts have been unsuccessful. Brief in Supp. Mot. for Early Discovery [DE-11] at 3. Taylor requests leave to conduct early discovery for the purpose of obtaining the identities of the anonymous posters.

## ANALYSIS

"The designation of a John Doe defendant is generally not favored in the federal courts; it is appropriate only when the identity of the alleged defendant is not known at the time the complaint is filed and the plaintiff is likely to be able to identify the defendant after further discovery." *Chidi Njoku v. Unknown Special Unit Staff*, 217 F.3d 840, 840 (4th Cir., July 7,

2000) (unpublished table decision); *Roper v. Grayson*, 81 F.3d 124, 126 (10th Cir. 1996); *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). Accordingly, where a plaintiff sufficiently alleges that the defendants' conduct was unlawful and the plaintiff is likely to be able to identify the defendants, the courts have allowed requests to compel production of anonymous individuals' identities. *See Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 579 (N.D. Cal. 1999); *Alvis Coatings, Inc. v. John Does One through Ten,* No. 3L94-CV-374-H, 2004 WL 2904405, at *3-4 (W.D.N.C. Dec. 2, 2004).

However, such requests may contravene First Amendment free speech rights. *See Doe v. 2TheMart.com Inc.*, 140 F. Supp. 2d 1088, 1092-95 (W.D. Wash. 2001). The First Amendment protects anonymous speech, including anonymous speech on the internet. *E.g.*, *Buckley v. Am. Constitutional Law Found.*, 525 U.S. 182, 199-200 (1999); *McIntyre v. Ohio Elections Comm'n*, 514 U.S. 334, 341-42 (1995); *see also Reno v. ACLU*, 521 U.S. 844, 870 (1997) (holding First Amendment protections extend to speech on the internet). Because anonymous speakers have a First Amendment right to retain their anonymity, requests to use the subpoena power to reveal the identity of anonymous online speakers require First Amendment scrutiny. *See In re Anonymous Online Speakers*, 661 F.3d 1168, 1174-76 (9th Cir. 2011). When presented with such a request, the courts must balance the First Amendment rights of anonymous speakers with the rights of aggrieved individuals to address legitimate claims against anonymous posters in a judicial forum. *See Independent Newspapers, Inc. v. Brodie*, 966 A.2d 432, 449-50 (Md. 2009); *Seescandy.com*, 185 F.R.D. at 577-78.

In an effort to address this issue, state and federal courts have developed a wide array of standards that a plaintiff must satisfy before issuing a subpoena ordering production of the

3

anonymous individuals' identities. The standards, which are summarized in *In re Anonymous Online Speakers*, 661 F.3d 1168 (9th Cir. 2011) and *Independent Newspapers, Inc. v. Brodie*, 966 A.2d 432 (Md. 2009), range from a "good faith" assertion of a claim for relief to a showing commensurate with that needed to withstand a motion for summary judgment. *Anonymous Online Speakers*, 661 F.3d at 1174-76; *Independent Newspapers*, 966 A.2d at 449-57. As relevant to this case, some courts require that the plaintiff demonstrate his suit could withstand a hypothetical motion to dismiss. *Seescandy.com*, 185 F.R.D. at 579. The degree of First Amendment protection afforded the particular speech at issue "should be a driving force in choosing a standard by which to balance the rights of anonymous speakers [with the rights of aggrieved parties]." *Anonymous Online Speakers*, 661 F.3d at 1177.

Although the Fourth Circuit has not addressed the appropriate legal standard for ordering identification of anonymous online speakers, in *Lefkoe v. Jos. A. Bank Clothiers, Inc.*, 577 F.3d 240 (4th Cir. 2009), the court affirmed a district court order to produce a nonparty anonymous witness for deposition over his First Amendment objection. *Id.* at 248-49. The Fourth Circuit reasoned that production was warranted "[b]ecause the Doe Client's letter was commercial speech [and] any First Amendment right to speak anonymously [in the commercial speech context] 'enjoys a limited measure of protection, commensurate with its subordinate position in the scale of First Amendment values, and is subject to modes of regulation that might be impermissible in the realm of noncommercial expression." *Id.* at 248 (quoting *Bd. of Trustees of SUNY v. Fox*, 492 U.S. 469, 477 (1989)). Commercial speech is "expression related solely to the economic interests of the speaker and its audience." *Central Hudson Gas & Elec. Corp. v. Public Serv. Comm'n of N.Y.*, 447 U.S. 557, 561 (1980).

4

As in *Lefkoe*, this case also involves commercial speech.[1] The website comments can fairly be characterized as expression "related solely to the economic interests of the speaker and its audience[,]" *id.*, because the statements disparage Taylor's business practices and Taylor has alleged the speakers are his competitors. Considering the "limited measure of protection" afforded commercial speech, the court concludes that the relevant standard in this case for ordering disclosure of the identities of the anonymous speakers should likewise be somewhat limited. *See Anonymous Online Speakers*, 661 F.3d at 1177. The court therefore adopts the "motion to dismiss" standard, which has been characterized as the "lowest bar the courts have used" in evaluating these requests. *Id.* at 1175. Thus, before Taylor can use the subpoena power of the court to identify the speakers, he must demonstrate that at least one of the claims in his complaint would survive a hypothetical Rule 12(b)(6) motion to dismiss. *See Seescandy.com*, 185 F.R.D. at 579.

This standard is well established. The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint, not to resolve conflicts of fact or to decide the merits of the action. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999). While the court accepts the factual allegations as true, the "'[f]actual allegations must be enough to raise a right to relief above the speculative level' and the plaintiff must allege 'enough facts to state a claim to relief that is plausible on its face.'" *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 615 n.26 (4th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

---

[1] The court is not making a definitive finding that the speech at issue in this case is categorically commercial. Given the posture of the case, nobody is contesting Taylor's characterization of the speech as commercial and the court's review of the complaint does not reveal that the position is clearly erroneous. However, in the event this case proceeds to the point that the Defendants are actually identified, the Defendants are free to argue that the speech should be characterized differently.

5

555 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Aschcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The court may consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice" when deciding a Rule 12(b)(6) motion.  *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

Taylor's brief in support of his motion for early discovery does not address this standard.  Instead, it provides a chart containing various quotations from the website and allegations that the statements are deceptive or misleading.  That is not sufficient.  Taylor must assume that a Defendant has appeared and challenged the legal sufficiency of the complaint.  To demonstrate how at least one of his claims would survive a Rule 12(b)(6) motion, Taylor must provide the court with the legal elements of the particular claim and explain how the factual allegations in the complaint support each of the required elements of the claim.  This requires citation to case law articulating the elements of the claim as well as application of the principles described above to the factual allegations in the complaint.  Simply listing quotations from the website and explaining how those quotations are deceptive, with no citation to authority of any kind, is not sufficient.

In addition to demonstrating that the complaint would survive a hypothetical motion to dismiss, the court also requires documented attempts to notify the Doe Defendants that they are subject of a possible subpoena or order for disclosure.  *See Independent Newspapers*, 966 A.2d at 457; *Seescandy.com*, 185 F.R.D. at 579.  Although Taylor notes in his motion that he has "made every effort to discover the identity of the person or persons who have committed these acts[,]"

6

Brief in Supp. Mot. for Early Discovery [DE-11] at 3, Taylor does not describe his efforts to notify or serve the Defendants in any detail. *See Seescandy.com*, 185 F.R.D. at 579 (noting that "the party should identify all previous steps taken to locate the elusive defendant" and describing relevant actions the court found sufficient to do so). In addition to the steps described in *Seescandy*, Taylor must also post notification of his request for identification on the relevant website discussion boards. *Independent Newspapers*, 966 A.2d at 457. Once these notification steps have been taken and Taylor has afforded the Doe Defendants a reasonable opportunity to respond, Taylor must document these efforts in any renewed motion for early discovery.

Before concluding, the court finds it prudent to explain why it is not simply ordering disclosure of the identities of the Defendants under the reasoning of the Fourth Circuit's *Lefkoe* opinion. After finding that the speech at issue in *Lefkoe* was commercial speech, the Fourth Circuit affirmed the district court's order to produce the anonymous witness without requiring the notification or motion to dismiss showings described above. *Lefkoe*, 577 F.3d at 248-49; *see also Anonymous Online Speakers*, 661 F.3d at 1175 (noting that *Lefkoe* did not articulate a particular evidentiary standard for ordering disclosure of the identities of anonymous speakers, "other than the general and long-standing precepts governing commercial speech"). In *Lefkoe*, the Fourth Circuit employed the traditional commercial speech test from *Central Hudson Gas & Electric Corporation v. Public Service Commission of New York*. 447 U.S. at 566. Doing so, the court held that the government regulation (ordering production of a material witness over his First Amendment objection) was "narrowly drawn" to achieve a substantial governmental interest in providing a Defendant a full opportunity to defend itself against serious allegations. *Lefkoe*, 577 F.3d at 248-49.

7

Case 4:13-cv-00218-F   Document 12   Filed 05/08/14   Page 7 of 9

This case presents an entirely different set of circumstances than *Lefkoe*, which in the court's view justifies requiring a more significant showing. Unlike *Lefkoe*, the Plaintiff here is requesting identification of anonymous online speakers who have not appeared in this case or had an opportunity to contest production of their identities. In order to protect the First Amendment rights of speakers whose interests are not currently represented in the case and in an effort to avoid "fishing expeditions" where a plaintiff may file a lawsuit simply to unearth the identities of the online speakers, courts have understandably required more than the traditional commercial speech analysis applied in *Lefkoe*. *See Independent Newspapers*, 966 A.2d at 449 ("[Anonymous internet speakers] have a First Amendment right to retain their anonymity and not to be subject to frivolous suits for defamation brought solely to unmask their identity."). None of these concerns were present in *Lefkoe*, which involved an anonymous witness whose interests were fully represented in the litigation and who was critical to the Defendant's ability to defend against the claims. *Lefkoe*, 577 F.3d at 249. In addition, the anonymous speaker in *Lefkoe* had a full and fair opportunity to present his First Amendment arguments before the court ordered his production at the deposition, a circumstance that substantially distinguishes this case from *Lefkoe*.

## CONCLUSION

For the foregoing reasons, the motion to take early discovery [DE-10] is DENIED without prejudice. Counsel may file a renewed motion within forty-five days of the date of this order, but the renewed motion must comply with the principles outlined above. The court will consider extensions of this deadline as needed. Failure to file a renewed motion may result in dismissal of this case for failure to prosecute.

SO ORDERED.

This the 8th day of May, 2014.

JAMES C. FOX
Senior United States District Judge

9