UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:13-CV-218-F

| | | |
|---|---|---|
| BENJAMIN TAYLOR, GREENWOOD MANAGEMENT, | ) ) | |
| Plaintiffs, | ) ) | ORDER |
| v. | ) ) | |
| JOHN DOES 1-10, | ) ) | |
| Defendants. | ) | |

This matter is before the court on the Plaintiffs' (collectively "Taylor") motion for leave to conduct early discovery [DE-16]. Taylor seeks to use the subpoena power of the court to identify the names of the John Doe Defendants, who are anonymous posters on a third-party website. By its May 8, 2014 Order [DE-12] the court denied an earlier motion to conduct early discovery. Recognizing Taylor's request implicated the Doe Defendants' First Amendment right to anonymous online speech, the court concluded that Taylor must make a two-part showing before the court would allow early discovery: (1) he must demonstrate that at least one claim in the complaint would survive a hypothetical motion to dismiss under Federal Rule of Civil Procedure 12(b)(6); and (2) he must provide notice to the Doe Defendants of this lawsuit and his request to compel production of their identities. *Id.* at 6-7.

Taylor timely complied and he has submitted a brief contending that all the claims in his complaint would survive a Rule 12(b)(6) motion to dismiss. *See* Renewed Mot. for Early Disc. [DE-16]. Further, counsel posted a notification on the website providing the case number to this lawsuit, identifying the posters' aliases that are the subject of this suit, and inviting the Doe

Defendants to appear and oppose the motion for early discovery. *See* Notice [DE-16-1]. None of the Doe Defendants have done so.

Taylor has made a sufficient showing to compel production of the Doe Defendants' identities. Taylor's brief demonstrates that at least one of the claims in the complaint would survive a hypothetical motion to dismiss,[1] and he has provided sufficient notice to the Doe Defendants and an opportunity to respond. Accordingly, Taylor's motion for early discovery [DE-15] is ALLOWED. Taylor may use the subpoena power of the court to compel production of the Doe Defendants' identities.

SO ORDERED.

This the 28 day of August, 2014.

_James C. Fox_
JAMES C. FOX
Senior United States District Judge

---

[1] Of course, this is not to say that the complaint will survive an actual motion to dismiss. This order is without prejudice to the Defendants to file their own Rule 12(b)(6) motion to dismiss after they are properly served.

2